# STATE OF MICHIGAN

# COURT OF APPEALS

JASON TURKISH,

       Plaintiff-Appellant,

v

WILLIAM BEAUMONT HOSPITAL,

       Defendant-Appellee.

UNPUBLISHED
December 13, 2018

No. 339522
Oakland Circuit Court
LC No. 2015-147273-NH

Before: O'BRIEN, P.J., and TUKEL and LETICA, JJ.

LETICA, J. (*dissenting*).

While the majority has correctly outlined the facts, in my opinion, our binding caselaw requires the opposite result. Accordingly, I would reverse and remand for entry of an order granting plaintiff's motion in limine and remand for further proceedings.

Under MCL 600.2169(1)(b), a proposed "expert witness must have devoted a majority of his professional time during the year immediately preceding the date on which the alleged malpractice occurred to practicing or teaching the specialty that the defendant physician was practicing at the time of the alleged malpractice, i.e., the one most relevant specialty." *Woodard v Custer*, 476 Mich 545, 566; 719 NW2d 842 (2006). Obviously, "one cannot devote a 'majority' of one's professional time to more than one specialty." *Id.*

In *Hamilton v Kuligowski,* the companion case to *Woodard,* "[t]he defendant physician [was] board certified in general internal medicine and specialize[d] in general internal medicine." *Id.* at 556. The "[p]laintiff's proposed expert witness [was] board certified in general internal medicine and devote[d] a majority of his professional time to treating infectious diseases, a subspeciality of internal medicine." *Id.* Although this Court concluded that the "plaintiff's expert [was] qualified to testify against the defendant physician because both plaintiff's proposed expert witness and the defendant physician specialize[d] in internal medicine and because plaintiff's proposed expert . . . devote[d] a majority of his professional time to the practice of internal medicine given that the treatment of infectious diseases is a subspecialty of internal medicine[,]" our Supreme Court reversed. *Id.* at 554, 556-557. In doing so, it explained:

> During the year immediately preceding the alleged malpractice, plaintiff's proposed expert witness did not devote a majority of his time to practicing or teaching general internal medicine. Instead, he devoted a majority of his professional time to treating infectious diseases. As he himself acknowledged, he

-1-

is "not sure what the average internist sees day in and day out." Therefore, plaintiff's proposed expert witness does not satisfy the same practice/instruction requirement of § 2169(1)(b). [*Id*. at 578.]

Following the plain statutory language and this caselaw, our Court held that the proposed expert must devote more than 50% of his or her professional time to the practice of "the relevant specialty the year before the alleged malpractice." *Kiefer v Markley*, 283 Mich App 555, 559; 769 NW2d 271 (2009). In *Kiefer*, both the plaintiffs' expert witness and the defendant physician were board certified in plastic surgery with an added qualification in hand surgery. *Id*. at 560. The trial court granted the defendants' motion in limine to strike the plaintiffs' expert witness pursuant to MCL 600.2169(1)(b) because the plaintiffs' expert witness dedicated, at most, 40% of his professional time to hand surgery, which was the relevant medical specialty at issue. *Id*. at 557. This Court upheld the trial court's decision because the plaintiffs' expert did not devote more than 50% of his time to the same specialty as the defendants' expert witness. *Id*. at 560.

Here, based on Dr. Farjo's deposition testimony, he is *not* qualified to give standard-of-care testimony under MCL 600.2169(1)(b). Dr. Nowinski is a board-certified orthopedic surgeon who was actively practicing as an orthopedic surgeon when the alleged malpractice and negligence occurred. Dr. Farjo is also board certified in orthopedic surgery but he dedicated most of his professional time to sports medicine in the relevant time period. In fact, Dr. Farjo testified that he devoted as much as 70% of his professional time in the last 10 years to either laparoscopic or arthroscopic sports medicine.[1] Sports medicine is a subspecialty of orthopedic surgery because it is a more particularized branch of orthopedic surgery. See *Woodard*, 476 Mich at 562, 577-578. The fact that Dr. Farjo considers himself a specialist in both sports medicine and orthopedic surgery is irrelevant because *Hamilton* and *Kiefer* make clear that the proposed expert witness must spend a majority of his or her professional time in the relevant specialty or subspecialty. *Woodard*, 476 Mich at 566 n 12; *Kiefer*, 283 Mich App at 559. Likewise, the fact that Dr. Farjo has not opted to become board certified in sports medicine is irrelevant. *Woodard*, 476 Mich at 561 ("Both the dictionary definition of 'specialist' and the plain language of § 2169(1)(a) make it clear that a physician can be a specialist who is not board certified. They also make it clear that a 'specialist' is somebody who can potentially become board certified. Therefore, a 'specialty' is a particular branch of medicine or surgery in which one can potentially become board certified.") And, finally, that Dr. Farjo previously made the particular medical decision at issue—discontinuing Coumadin therapy—is also immaterial because MCL 600.2169 focuses on the particular medical specialty or subspecialty of the proposed expert witness and the defendant physician. Therefore, Dr. Farjo does not qualify as an expert witness under MCL 600.2169(1)(b) because he did not spend a majority of his professional time in the practice of orthopedic surgery during the year immediately preceding August 2011. See *id*. at 565-566 & n 12.

---

[1] Dr. Farjo certainly attempted to reverse course regarding his subspeciality before again admitting it was "more than 50 percent" of his practice and that he held himself out as a sports medicine specialist.

Thus, in my opinion, the circuit court abused its discretion by admitting Dr. Farjo's testimony because it misapplied the relevant law. *Craig v Oakwood Hosp*, 471 Mich 67, 76; 684 NW2d 296 (2004) ("A court necessarily abuses its discretion when it 'admits evidence that is inadmissible as a matter of law.' "), quoting *People v Katt,* 468 Mich 272, 278; 662 NW2d 12 (2003). And, while my colleagues seek to distinguish *Hamilton* on the basis that the proposed expert there acknowledged that he was unsure about " 'what the average internist sees day in and day out,' " the problem there is the problem here: the proposed expert devoted a majority of his professional time to a subspecialty regardless of any overlap. *Woodard*, 476 Mich 578.

For these reasons, I would reverse and remand for entry of an order granting plaintiff's motion in limine and for further proceedings.


/s/ Anica Letica